Jacqueline C. CHASE, Plaintiff–
Appellant,

v.

SHOP 'N SAVE WAREHOUSE FOODS,
INC., Defendant–Appellee.

No. 96–2037.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 14, 1997.

Decided March 27, 1997.

James R. Williams (argued), Norton, Williams & Caponi, Belleville, IL, for plaintiff-appellant.

Kurt E. Reitz (argued), Mary S. Juen, Thompson Coburn, Belleville, IL, for defendant-appellee.

Before ESCHBACH, KANNE, and ROVNER, Circuit Judges.

ESCHBACH, Circuit Judge.

Chase twice brought a negligence action against Shop 'N Save Warehouse Foods, Inc. ("Shop 'N Save") in Illinois state court arising from a 1992 assault in one of defendant's grocery store parking lots. The first time around, Shop 'N Save removed the case to federal court on diversity grounds. Chase moved to remand for insufficient jurisdictional amount, was denied, and then voluntarily withdrew the action. Two years later she returned to litigate the identical claim. Again, Chase filed in Illinois state court, again Shop 'N Save removed the action, again Chase moved for remand on the grounds of jurisdictional amount, and again the district court denied the remand. The deja vu ends here, however, because Chase did not withdraw the second claim, and the district court went on to award summary judgment for Shop 'N Save and to assign Chase costs for the time defendant spent preparing its second motion in opposition to remand. Chase asks our court to reverse the district court's denial of remand and award of costs. For the reasons below, we affirm the district court.

## I. Background

In 1992, Jacqueline Chase was attacked in defendant's grocery store parking lot by an unknown assailant. On January 7, 1993, Chase filed a one-count complaint against Shop 'N Save in Illinois state court (the "first action") alleging that its failure to properly light, patrol, and post warnings in the parking lot proximately caused her injuries. In the complaint, Chase alleged a long list of injuries including extensive and disabling internal and external head injuries, past and future pain and suffering and mental anguish, disability, lost wages, and impairment of future earning capacity. Because Illinois civil procedure law does not allow specific prayers for relief in personal injuries cases, Chase's complaint contained only a general prayer for relief alleging damages "in excess of $15,000." In an attempt to discover the amount in controversy, Shop 'N Save sent Chase a request to admit that she would not seek more than $50,000 in damages. Chase refused to answer, on the grounds that dis-

covery of the amount in controversy was "not subject matter which is subject to a request to admit." In April of 1993, Shop 'N Save removed the action to United States District Court on diversity grounds. Chase responded with a motion to remand for failure of jurisdictional amount, which the district court denied. In October of 1993, the parties held a settlement conference, but the negotiations elicited only one settlement offer from Chase for $120,000, which Shop 'N Save did not accept. Shop 'N Save also made one offer at the conference to settle for $4,400, the actual medical costs Chase had incurred up to the date of the conference. Chase did not accept this offer. Finally, in February of 1994, after Shop 'N Save filed a motion for summary judgment, but before the district court ruled, Chase sought and obtained an order granting voluntary dismissal of her claim. In the court's dismissal order, the judge noted that all discovery conducted by the parties in the first action would be usable in any subsequently filed case arising out of the 1992 assault.

Just as the district court predicted, Chase returned to Illinois state court in 1995 to take a second bite at the apple, filing another negligence action (the "second action") arising out of the 1992 parking lot assault. The second complaint, except for typographical errors, was identical to the first, and included the same general prayer for relief. The remove and remand two-step began again. On March 8, 1995, Shop 'N Save removed the action to federal court under diversity jurisdiction, simultaneously filing a motion for summary judgment. On March 13, 1995, Chase filed a motion to remand the cause to state court, again on the grounds that Shop 'N Save put forth no evidence that the matter was worth more than $50,000. Neither Chase's second complaint nor her motion to remand contained a stipulation that she would not seek damages over $50,000. No new settlement negotiations took place during the pendency of the second action; thus, the only offer Chase made to settle the 1992 assault was her original offer of $120,000 made in the first action.

After removal, but before the district court ruled on the remand order, several things

happened. First, Shop 'N Save filed a motion in opposition to Chase's motion to remand, asserting that it had met its burden to show that the amount in controversy exceeded $50,000. It also sent Chase a second set of requests to admit that her claim was not worth more than $50,000. Finally, on April 4, 1995, Chase answered the requests, stipulating that she would not seek over $50,000. A month later, some two months after removal, Chase sought leave to amend her complaint to request "an amount no greater than $49,999.99 plus costs." On June 23, 1995, the district court denied Chase's motion to remand and assessed costs against Chase for Shop 'N Save's preparation of its memorandum in opposition to Chase's motion to remand in the second action. Then, asserting its diversity jurisdiction under 28 U.S.C. § 1332, the district court granted summary judgment in favor of Shop 'N Save.

■ Chase now appeals the denial of remand, asserting that the amount in controversy required for diversity jurisdiction was not met. She also appeals as improper the court's award of costs for Shop 'N Save's preparation of its motion in opposition to remand in the second action.[1] We take jurisdiction of this appeal pursuant to 28 U.S.C. § 1291, and note our inherent jurisdiction to decide issues of contested subject-matter jurisdiction. *See Christianson v. Colt Indus. Operating Corp.*, 798 F.2d 1051, 1055 n. 3 (7th Cir.1986), citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986).

## II. Removal

■ Chase argues that the district court should have remanded the case for lack of jurisdiction because Shop 'N Save did not prove that the requisite amount in controversy for diversity jurisdiction was met. We review de novo the propriety of removal of a state action to federal court. *Seinfeld v. Austen*, 39 F.3d 761, 763 (7th Cir.1994).

■ Removal is proper over any action that could have originally been filed in federal court. 28 U.S.C. § 1441. Here, defendant removed the case on diversity grounds. 28 U.S.C. § 1332. As the party seeking to invoke federal diversity jurisdiction, Shop 'N Save bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met. *See NLFC, Inc. v. Devcom Mid–America, Inc.*, 45 F.3d 231, 237 (7th Cir.1995); *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976). A defendant meets this burden by supporting her allegations of jurisdiction with "competent proof," *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936), which in our circuit requires the defendant to offer evidence which proves "to a reasonable probability that jurisdiction exists." *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir.1993) (quoting *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir.1993)). Because the parties do not dispute the complete diversity requirement, Shop 'N Save must show, to a reasonable probability, that the amount in controversy exceeds $50,000.

■ The starting point in determining the amount in controversy is typically the face of the complaint, where the plaintiff indicates the claim's value in her request for relief. This inquiry was unhelpful for Shop 'N Save, however, because Illinois civil procedure law prohibited Chase from praying for specific relief in her complaint:

in actions for injury to the person, no ad damnum may be pleaded except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed.... [If more than the minimum is pleaded] the claim ... shall, on motion of a defendant or on the court's own motion, be dismissed without prejudice....

735 Ill. Comp. Stat. 5/2–604. In accordance with this rule, both negligence complaints filed by Chase properly prayed for relief "in excess of $15,000." While this rule frustrates a defendant's ability to determine the amount in controversy solely from the complaint, we have held that in

---

**1.** Chase does not appeal the merits of the district court's award of summary judgment to Shop 'N Save.

such instances the district court may look outside the pleadings to other evidence of jurisdictional amount in the record. *See Shaw,* 994 F.2d at 366; *Jadair, Inc. v. Walt Keeler, Co., Inc.,* 679 F.2d 131, 132–33 (7th Cir.1982). The court, however, is limited to examining only that evidence of amount in controversy that was available at the moment the petition for removal was filed. *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam).

The germane questions, then, are (1) what evidence of amount in controversy was before the district court in the second action at the point of removal, and (2) does this evidence prove, to a reasonable probability, that the jurisdictional amount was met? To meet its burden on the latter, Shop 'N Save relies on the following evidence of amount in controversy:

1. Chase's sole settlement offer of $120,000, made at an October, 1993 settlement conference in the first action;[2]

2. Chase's refusal to respond to Shop 'N Save's request to admit that the case was worth less than the jurisdictional amount in the first action;[3]

3. Chase's allegations, made in both (identical) complaints, of serious, disabling physical and mental injuries that would result in loss of future earning potential; and

4. The order denying remand on the same facts in the first action.

We agree with the district court's finding that this evidence precluded remand, because it shows, to a reasonable probability, that the amount in controversy exceeded $50,000. Chase's arguments to the contrary challenge the types of evidence Shop 'N Save proffers in meeting its burden.

First, Chase argues that Shop 'N Save's list of evidence is overinclusive. She contends that the only evidence of the amount in controversy before the district court at the time of removal in the second action was an affidavit filed in the second action by Shop 'N Save's lawyer that recounts 1993 settlement conference results from the first action. In effect, Chase argues that evidence of the amount in controversy discovered in the first action should not be considered on the petition for removal in the second action. We disagree. In its order allowing voluntary dismissal of the first case, the district court, wisely foreseeing a duplicative filing by Chase, gave notice to the parties that discovery evidence gathered during the course of the first claim's litigation would be considered relevant in any subsequent refiling of the negligence claim. Moreover, the two complaints filed by Chase over the 1992 parking lot attack were identical. They alleged the same incident, the same bases for negligence, the same laundry list of injuries, and prayed for identical relief. After receiving notice in the first action that, on the same complaint and evidence, remand was legally improper, Chase made no move to reduce her settlement offer or stipulate that her claim was worth less than the jurisdictional amount. The district court had no evidence that any aspect of the case had changed, including Chase's asserted value of the case. All evidence stemming from the first negligence action, an action restarted without alterations a year later, was therefore appropriately consulted as evidence of the amount in controversy for the second, identical claim litigating the same 1992 assault.

Next, Chase submits that if we do consider evidence of amount in controversy from the first action, we should give substantial weight to defendant's $4,400 settlement offer made at the 1993 settlement conference. In a case for money damages, where the amount defendant stands to lose is equal to the amount plaintiff stands to gain from judgment, the appropriate focus in determining the amount in controversy is on plaintiff's assessment of the value of her case. *See Burns v. Windsor Insurance Co.,* 31 F.3d

---

2. Although Chase suggested otherwise at oral argument, the record before the district court (and now before us) does not reflect that she made any firm settlement offer below the jurisdictional amount in either the first or second action.

3. Although Chase did finally respond to an identical request to admit in the second action, the responses came post-removal, too late for the court to consider. *See* discussion *infra.*

1092, 1094 (11th Cir.1994) ("great weight" should be given to the plaintiff's assessment of value when determining removal jurisdiction); *see also* WRIGHT, FEDERAL COURTS, § 33 at 197 (5th ed.1994) ("in general, the court looks to the sum demanded by the plaintiff"). Shop 'N Save argues that a settlement offer is not only unpersuasive, but irrelevant in the calculation. Our circuit has not previously considered the relevancy of a defendant's settlement offer in evaluating whether the amount in controversy requirement has been met for diversity-based removal jurisdiction. We will save the relevancy issue for another day, however, because even if it were relevant to consider, Shop 'N Save's offer is unpersuasive evidence under these circumstances. Shop 'N Save's $4,400 offer was made to specifically cover only the costs of Chase's actual medical expenses incurred up to the date of the settlement conference. Chase's complaint has a much longer list of damages, however, including future medical treatment and disability care, future pain and suffering, future mental anguish, loss of past wages and impairment of future earning capacity. In order for us to give decisive weight to defendant's offer of actual medical expenses, then, Chase would have to concede that her other damage claims have no value and were not well-grounded in fact. We doubt she would make these concessions. Chase has clearly put more than the value of her actual medical bills in controversy. Thus, Shop 'N Save's offer does not accurately represent the amount Chase has put into controversy, and is not persuasive evidence that the jurisdictional amount was not met.

▮▮▮ Finally, Chase claims that all evidence of the amount in controversy offered by Shop 'N Save is made irrelevant by her March 8, 1995 stipulation (in the second action) that she would not seek damages in excess of $50,000. We disagree because the stipulation came one month post-removal, too late for the court to consider. Our circuit follows the Supreme Court's holding in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), that the district court is not deprived of jurisdiction where, as here, "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount...." *Id.* at 292, 58 S.Ct. at 592. Our court has twice considered this rule's application where state law limited the plaintiff's ability to plead specific damages. In *In re Shell,* the plaintiff had initiated his breach of employment contract action in Illinois state court. Because Illinois law prohibited the plaintiff from pleading his damages specifically, but because he wanted to remain in state court, plaintiff drafted his prayer to ask for relief "exceeding $15,000 but less than $50,000." The district court, realizing that the cap in the complaint violated state law, allowed the plaintiff to file a post-removal affidavit that the case was not worth over $50,000, and used this affidavit as the basis of his remand order. Our court disallowed this practice as contrary to *St. Paul,* and held that post-removal affidavits or stipulations are ineffective to oust federal jurisdiction. *Id.* at 356. We held the same a year later in *Shaw.* The plaintiff in *Shaw* filed a tort action in Illinois state court, but was faced with an ad damnum restriction which precluded reference to the complaint to establish the amount in controversy. Defendant Dow Brands removed the action to federal district court. During the course of the trial, the plaintiff at one point admitted that the amount in controversy for federal jurisdiction was met, but later made a post-removal stipulation that he would not seek over $50,000 in damages. On appeal of the jurisdictional issue, we again held that under *St. Paul,* the plaintiff's post-removal stipulation was a prohibited way to "manipulate the process to void the removal." *Id.* at 368.

In spite of this precedent, Chase urges us to apply the exception to *St. Paul* enunciated by the Fifth Circuit in *Asociacion Nacional de Pescadores A Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.,* 988 F.2d 559 (5th Cir. 1993). In ANPAC, the court considered plaintiff's post-removal affidavit as evidence of the amount in controversy because state law did not allow plaintiff to specifically plead damages in the complaint. Although this aspect of both cases is similar, the exception created in ANPAC was based on a record void of any assertion by plaintiff of the value

of his claim. *Id.* at 564. We are not faced with the same void here. Chase has asserted the value of her claim by making a settlement offer for over twice the jurisdictional amount, by refusing Shop 'N Save's request to admit that she would not seek more than $50,000 in damages, and by specifically alleging a laundry list of serious and disabling injuries that will result in present and future damages. *See, e.g., Jeffries · v. Silvercup Bakers, Inc.,* 434 F.2d 310, 311–12 (7th Cir. 1970) (finding sufficient probability that the jurisdictional amount was met in part because of the severity of plaintiff's injury); *Perhats Assoc., Inc. v. Fasco Indus.,* 843 F.Supp. 424, 426 (N.D.Ill.1994) (noting that if a plaintiff is unwilling to respond to defendant's request to admit that federal jurisdictional amount is not met, then defendant can assume plaintiff's acknowledgment that more than $50,000 may be in dispute).

■■■■ We cannot agree with Chase's plea that upholding the district court's jurisdiction is tantamount to depriving her of the right to choose her forum. To the contrary, Chase could have, but did not, take control of her choice of forum. Despite the Illinois ad damnum restriction, a plaintiff who claims more than $15,000 in damages, but who wants to proceed in state court, can control her forum by following this court's advice in *In re Shell:* "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." 970 F.2d at 356. As we noted again in *Shaw,* allowing a plaintiff to follow the "wait and see" approach to choosing her forum is unfair to defendants. *Shaw,* 994 F.2d at 367. In addition to this legal instruction, Chase had the added foresight of having been through this song and dance before. She knew that no basis for remand existed under the facts and evidence in the first action. She also knew that the district judge considered prior case evidence relevant in future filings of the negligence

claim, yet she made no new assertions of the amount in controversy, either in the form of settlement demands or stipulations, before Shop 'N Save removed the second action. Knowing of the almost certain likelihood of removal in the second action if she took no additional steps to avoid the federal forum, Chase's post-removal efforts to force a remand look like the type of procedural manipulation we warned against in *Shaw.*[4]

In sum, the only actions Chase took that would weigh in favor of a finding that the jurisdictional amount was not met were taken post-removal in the second action. We therefore find that the district court properly exercised its jurisdiction in the second action.

### III. Costs

■■■■ In its order denying Chase's motion to remand in the second action, the district court granted Shop 'N Save's request that Chase be required to pay Shop 'N Save's costs in preparing the motion in opposition to remand for the second time. On appeal, Chase challenges the sanction on two grounds: first, that the district court couldn't award the sanction, and second, that it shouldn't. We recently clarified the appropriate standards of review for these two issues in *Kovilic Construction Co., Inc. v. Missbrenner,* 106 F.3d 768 (7th Cir.1997). The first ground, that the district court lacked statutory authority to award the costs is a question of law that we review de novo. *Id.* at 771. The second ground, that even if authorized, the factual circumstances did not warrant imposition of a sanction, is reviewed for abuse of discretion. *Id.*

Rule 11 of the Federal Rules of Civil Procedure provides an appropriate legal basis for the award of sanctions here. Rule 11 states, in relevant part, that:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record ... The signature ... constitutes a

---

4. Chase argues that when the amount in controversy is at issue, the defendant is the party responsible for providing interrogatories on the issue at removal. Although Illinois law allows the defendant to make this request, 735 Ill. Comp. Stat. 5/2–604, we disagree now, as we

have in the past, that defendant is required to make it. *See Shaw,* 994 F.2d at 367. We also note Chase's refusal to answer Shop 'N Save's requests to admit on this precise issue in the first action.

certificate by the signer that the signer has read the [document]; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ... and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . .

This rule clearly imparted the district judge with authority to impose a sanction for Chase's second motion for remand, based on his belief that the motion could not be reasonably based on existing law. The only question, then, is whether, under the circumstances, the award was an abuse of discretion. Because of the unusual procedural posture of this case, the answer to this question is an even more resounding "no." In most cases, a motion or other pleading before the trial court is based on counsel's reading of the law as derived from relevant decisions in different actions. In contrast, Chase was privy to the most relevant kind of law on which to decide if her second motion was "warranted by existing law": she had already received a ruling from the same court, on the exact facts of her previously filed negligence action, that remand was improper because the jurisdictional amount was met. Chase did not change those facts by offering new evidence of the amount in controversy before removal, leaving the same court to rule on the same motion with the same facts and same removal standard. The result was duplicative litigation on a settled point that wasted the court's and defendant's time. The district court's decision to grant a narrow award of costs as a sanction for the duplicative motion was not an abuse of discretion.

### IV.  Conclusion

The district court's order denying remand and assessing costs against appellant is

AFFIRMED.