**154**

**Robert SAWISCH, Plaintiff,**

v.

**CIRCUIT CITY STORES, INC., Defendant.**

**No. 97 C 1988.**

United States District Court, N.D. Illinois, Eastern Division.

April 10, 1997.

Jeffrey Knuckles, Law Offices of Knuckles & Jagel, Naperville, for Plaintiff.

Mark E. Furlane, Monica A. Fennell, Gardner, Carton & Douglas, Chicago, for Defendant.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

■ This action has just been transferred to this Court's calendar from that of its colleague Honorable Wayne Andersen, to whom it was originally assigned under this District Court's random assignment system. Because this Court's initial review of the Notice of Removal ("Notice") that was filed by Circuit City Stores, Inc. ("Circuit City") to bring this action from the Circuit Court of Du Page County to this District Court reveals the failure of the Notice to conform to the requirements of this District Court's Civil Rule ("Rule") 3, and because such failure constitutes a failure to establish the existence of subject matter jurisdiction in this diversity-of-citizenship case, this action is remanded to the Circuit Court of Du Page County.

Circuit City's counsel has set out in Notice ¶¶ 6 and 7 what is said to be the "reasonable probability" that the amount in controversy exceeds $75,000, so as to comply with the jurisdictional floor for diversity actions under 28 U.S.C. § 1332.[1] But counsel is obviously unaware that this District Court has recently developed and adopted its new Rule 3—establishing a specific set of criteria and procedures to deal with the situation "where [as in this case] the complaint does not contain an express *ad damnum,* as to at least one claim asserted by ... plaintiff, in an amount exceeding $75,000 (exclusive of interest and costs) that is based on express allegations in that claim in conformity with that *ad damnum* ...." Notice ¶¶ 16 and 7 may certainly be read to satisfy the requirement of Rule 3(1) that a notice of removal in such a situation must include "a statement by ... defendant[ ] ... that it is ... its good faith belief that the amount in controversy exceeds $75,-000." But what is missing from the Notice is

---

1. All further references to Title 28's provisions will simply take the form "Section—."

anything addressing any of the alternatives required by Rule 3(2):

> with respect to at least one plaintiff in the Illinois action, either: (a) a response by such plaintiff to an interrogatory or interrogatories (see Ill.S.Ct. Rule 213) as to the amount in controversy, either (1) stating that the damages actually sought by that plaintiff exceed $75,000 or (2) declining to agree that the damage award to that plaintiff will in no event exceed $75,000; or (b) an admission by such plaintiff in response to a request for admissions (see Ill.S.Ct. Rule 216(a)), or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request (see Ill.S.Ct. Rule 216(c)), in either event conforming to the statement or the declination to agree described in subparagraph 2(a) of this rule.

■ This District Court has adopted Rule 3 for the express purpose of creating a level playing field as between plaintiffs and defendants regarding the removability or nonremovability of diversity cases affected by Illinois' legislative prohibition on the specific quantification of personal injury claims (735 ILCS 5/2–604, emphasis added):

> Every complaint and counterclaim shall contain specific prayers for the relief to which the pleader deems himself or herself entitled *except that in actions for injury to the person. no ad damnum may be pleaded except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed.*

In the absence of Rule 3, a defendant that is interested in removal but faces no specific ad damnum is forced to speculate (as Circuit City did here) as to the amount of plaintiff's likely recovery—and if defendant does prefer a federal forum it must err on the side of seeking removal, lest the 30–day time limit for such removal under Section 1446(b) were to expire before defendant could gain any greater certainty in that respect. In turn such a speculative removal can create unfair (and incurable) prejudice for a plaintiff who has a legitimate desire—and right—to remain in the state court, for such cases as *In re Shell Oil Co.,* 966 F.2d 1130 (7th Cir.1992) and 970 F.2d 355 (7th Cir.1992) (per curiam) (and most recently *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424 (7th Cir.1997)) prevent any post-removal clarification by plaintiff that the necessary jurisdictional amount is not really in dispute.

Some years ago the writer, sitting by designation with our Court of Appeals in *Shaw v. Dow Brands, Inc.,* 994 F.2d 364 (7th Cir. 1993) suggested a way out of that dilemma essentially along the lines that has now become codified in Rule 3 (*id.* at 374–76). And the panel majority in *Shaw,* although it differed with this Court as to the outcome under the special circumstances presented there,[2] said of the suggested procedure now embodied within Rule 3 (994 F.2d at 367):

> Judge Shadur's suggestion is eminently sensible and we recommend it to removal-minded defendants in Illinois.

Under Rule 3 neither litigant is disadvantaged by the inhibition imposed by the Illinois statutory prohibition on a specific ad damnum. From defendant's viewpoint it is not compelled to act in an area of uncertainty: It can require plaintiff either to confirm or to deny whether more than $75,000 is at stake or, if plaintiff does not answer that question or declines to be pinned down on that score, defendant's good faith estimate of the over-$75,000 amount in controversy will suffice to support removal. In the meantime Rule 3's last paragraph provides assurance that the 30–day clock for such removal under Section 1446(b) has not yet begun to tick:

> Receipt by the removing defendant or defendants of the response by a plaintiff referred to in subparagraph 2(a) or of the admission by a plaintiff referred to in paragraph 2(b), or the occurrence of the event giving rise to a deemed admission by a plaintiff referred to in subparagraph 2(b) shall constitute the receipt of a "paper from which it may first be ascertained that the case is one which is or has become

**2.** Parenthetically, see *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873–74 (10th Cir.1995) (adopting the writer's dissenting position in *Shaw*) and *United Food and Commercial Workers Union, Local 919*

*v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 304 (2d Cir.1994) (referring to the writer's *Shaw* dissent and impliedly casting doubt on the majority holding there).

removable" within the meaning of 28 U.S.C. § 1446(b).

On the other side of the coin, from plaintiff's perspective there is no prospect of being forced into an unwanted federal forum without the ability to cause a remand by a post-removal confirmation that the jurisdictional amount is not really in controversy.

It should be added that no criticism of Circuit City's counsel is intended here, for Rule 3 is very new. But its mandate for a remand is plain.[3] And regrettably the potential for allowing counsel to cure their non-compliance with Rule 3 without cost (as Section 1653 might have permitted) is foreclosed by *Shell Oil* and its progeny.

Fortunately Circuit City's rights have not been prejudiced by the order entered here (save for the prospect of its having to spend another $150 filing fee if its future actions in the state court confirm the lawsuit's removability in accordance with Rule 3). This opinion has included this somewhat lengthy exposition, and it is being published, in part to maximize the public awareness of Rule 3 and in hopes of forestalling future efforts at the removal of other state-court cases that must be aborted because of noncompliance with Rule 3's terms.

As stated at the outset of this opinion, this action is remanded to the Circuit Court of Du Page County for lack of subject matter jurisdiction (see Section 1447(c)). And as permitted by this District Court's General Rule 30(B), the Clerk of Court is directed to mail the certified copy of the remand order forthwith.

---

**3.** Rule 3 concludes in this manner:
Where the defendant or defendants do not include the statement required by paragraph 1 of this rule, or do not comply with one of the alternatives described in paragraph 2 of this rule, the action will be subject to remand to the state court for failure to establish a basis of federal jurisdiction.