Kathy MIDKIFF

v.

**HERSHEY CHOCOLATE U.S.A.,
and Robert Allison.**

Civil Action No. 97–3079.

United States District Court,
E.D. Louisiana.

Dec. 31, 1997.

Charlotte Ann Lagarde, Wessel & Associates, New Orleans, LA, for Plaintiff.

Steven Hymowitz, McCalla, Thompson, Pyburn, Hymowitz & Shapiro, New Orleans, LA, Richard J. Hafets, Beth A Winograd, Piper & Marbury, Baltimore, MD, for Defendants.

## ORDER AND REASONS

FALLON, District Judge.

Before the Court is plaintiff's· Motion to Remand. For the following reasons, plaintiff's motion is granted, and her claim is remanded to Civil District Court for the Parish of New Orleans.

## I. BACKGROUND

Kathy Midkiff began her employment with Hershey Chocolate U.S.A. ("Hershey") as a retail sales merchandizer in 1984. According to plaintiff, in December 1995 plaintiff injured her back at a Hershey's storage unit and was diagnosed with a disc bulge and chronic minor anterior wedge changes at the T8–T9 level, as well as scoliosis. She was unable to work until April, 1996, at which time she came back with permanent restrictions of lifting no more than 5–10 pounds repetitively, up to 20–25 pounds rarely. At the time of her discharge on May 21, 1996, she was working approximately 20 hours a week, at an hourly rate of less than $10/hour.

Plaintiff brought suit in state court, under state law, alleging discrimination. She claimed that defendant Robert Allison intentionally terminated her because of her actual disability and impairment, or because Hershey regarded her as such, and that Allison had refused to accommodate her condition. She sought damages for past, present and future emotional pain, suffering, inconvenience, humiliation, and mental anguish, as well as back pay and loss of employment benefits, loss of gainful employment, attorney's fees, and costs. She also asked for reinstatement and an injunction against any employment practices which discriminate on the basis of disability.

Defendant removed the case. Plaintiff seeks a remand on the grounds that the amount in controversy is less than $75,000, and thus the Court has no jurisdiction to hear her diversity claim.

## II. ANALYSIS

■ "It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). "The court can determine that removal was proper if it is facially apparent that the claims are likely above [the jurisdictional amount]." *Allen*, 63 F.3d 1326, 1335 (5th Cir.1995). If this is facially apparent, any post-filing "clarifications" by the party resisting removal will not deprive a court of jurisdiction. *Id.* at 1336. If not facially apparent, the party seeking removal may prove, "by a preponderance of the evidence" that the amount in controversy exceeds $75,000. *Id.* A plaintiff's claim "remains presumptively correct" unless the defendant has met this burden. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). If the defendant is able to show that the amount in controversy exceeds the jurisdictional amount, "removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *Id.* at 1412.

The parties' orally argued plaintiff's motion for remand on December 10, 1997. Thereafter, plaintiff submitted an affidavit stating that "the amount in controversy both at the time of filing this suit and at the time of removal did not exceed $75,000, exclusive of cost and interest," and that "in the event that this action is remanded to state court, I agree to waive any recovery in excess of $75,000.00, exclusive of costs and interest." Defendant opposes the Court's consideration of this affidavit, arguing that it was apparent on the face of plaintiff's complaint that the amount in controversy exceeded $75,000, and thus post-removal affidavits and stipulations cannot deprive a Court of jurisdiction.

■ The Court, however, finds that it was not apparent on the face of the claim that the amount in controversy exceeded $75,000.

Plaintiff was earning only $10,400 a year, plus some benefits. Past losses, plus the one to three years of "front pay" plaintiff might reasonably be awarded should she prevail, does not bring the amount anywhere close to $75,000. The unspecified pain and suffering and possible attorney's fees are unknown quantities. It is far from apparent, on the face of the complaint, that these sums would push the amount in controversy over the $75,000 threshold.

Since the amount is not facially apparent from the complaint, the Court must consider the evidence before it. While defense counsel's oral argument was persuasive, in the face of plaintiff's affidavit defendant can not meet its burden of showing by a preponderance of the evidence that the federal court would have jurisdiction. Plaintiff's binding stipulation that she would not accept a state court judgment in excess of $75,000 gives a sum certain below the jurisdictional amount that bars a defendant from removal. *Allen*, 63 F.3d at 1335.

Accordingly, plaintiff's motion is GRANTED, and it is HEREBY ORDERED that this case be REMANDED to Civil District Court for the Parish of New Orleans.