Jim HALSNE, Plaintiff,

v.

LIBERTY MUTUAL GROUP, Defendant.

No. C 99–3014–MWB.

United States District Court, N.D. Iowa, Central Division.

March 26, 1999.

Mindi M. Vervaecke of McGuire Law Firm, P.C., Mason City, IA, for plaintiff.

Patrick J. McNulty of Grefe & Sidney, P.L.C., Des Moines, IA, for defendant.

## MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S APPLICATION FOR REMAND

BENNETT, District Judge.

How far is the plaintiff the "master of the complaint"? Can he, for example, preclude federal removal jurisdiction by stipulating, after removal, that he will not seek or accept an amount in damages in excess of the jurisdictional amount in controversy? These are the questions posed by the present application for remand of this action to state court.

Plaintiff Jim Halsne filed this action on January 6, 1999, in Iowa District Court in and for Cerro Gordo County, asserting a claim of bad faith failure to pay medical bills he incurred as the result of a workers compensation injury. Defendant Liberty Mutual Group removed this action to this federal court pursuant to 28 U.S.C. § 1441(a) on February 16, 1999. On February 19, 1999, Halsne filed an application for remand of this matter to state court, asserting an insufficient amount in controversy. Liberty Mutual filed a response to Halsne's application on February 24, 1999. The court heard oral arguments on the application for remand on March 24, 1999, and now enters its ruling.

In his application for remand, Halsne asserts that his unpaid medical bills amount to approximately $6,000. Thus, he contends that the amount in controversy in this action, exclusive of interest and costs, is estimated to be no more than $70,000. Although he contends that a plaintiff in state court may prevent removal by committing to accept less than the federal jurisdictional minimum, he stopped short of making such a commitment in his application for remand. Nevertheless, he seeks remand of this matter to state court for lack of federal subject matter jurisdiction, owing to insufficient amount in controversy.

In its response, Liberty Mutual points out that Halsne has omitted to mention that he seeks punitive damages on his bad-

faith claim, which Liberty Mutual contends makes it more likely that the amount in controversy exceeds $75,000. However, Liberty Mutual asserts that it has no resistance to a remand, *if* Halsne's assertion that his damages are less than $70,000 is taken as a binding certification or covenant not to seek or accept any award in excess of $70,000.

In *McCorkindale v. American Home Assur. Co./A.I.C.,* 909 F.Supp. 646 (N.D.Iowa 1995), this court summarized the principles applicable to a motion to remand as follows: (1) the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction; (2) a fundamental principle of removal jurisdiction is that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed; (3) lack of subject matter jurisdiction requires remand to the state court under the terms of 28 U.S.C. § 1447(c); (4) the court's removal jurisdiction must be strictly construed; therefore, (5) the district court is required to resolve all doubts about federal jurisdiction in favor of remand; and, finally, (6) in general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus. *McCorkindale,* 909 F.Supp. at 650.

Halsne contends that the very first principle mentioned above defeats removal here, because Liberty Mutual cannot bear its burden to prove that removal is permissible. He asserts that a limited financial demand in a pleading precludes removal, even when amendment is possible and even when state law treats the sum in a pleading as irrelevant, citing *Barbers, Hairstyling for Men and Women, Inc. v. Bishop,* 132 F.3d 1203, 1204 (7th Cir.1997). However, Rule 70(a) of the Iowa Rules of Civil Procedure prohibits the pleading of a specific amount in controversy,[1] and

Halsne's *pleadings* in fact contain no such limited financial demand. Therefore, *Barbers* is not determinative.

Rather, Halsne professed his willingness to stipulate that he will accept less than the federal jurisdictional amount, and in fact did so on the record during the oral arguments. Specifically, the following exchange occurred:

> THE COURT: And is there, in fact, a stipulation then by the plaintiff that Jim Halsne is not seeking more than $75,000?
>
> MS. VERVAECKE [COUNSEL FOR HALSNE]: Yes, Your Honor. I spoke with my client this morning, and he's still in agreement with that.
>
> THE COURT: And, Mr McNulty [counsel for Liberty Mutual Group], does that satisfy any concerns that you have?
>
> MR. McNULTY: I think it does, Your Honor. Just to be cautious, I guess I would like counsel to state that it's a stipulation but also binding insofar as any judgment obtained in state court in excess of that she's in effect saying that the case—any recovery's limited to the less than [$]75,000.
>
> MS. VERVAECKE: Yes, I am willing to stipulate to that.
>
> MR. McNULTY: The stipulation is then satisfactory, Your Honor.

Transcript of Oral Arguments, March 24, 1999, p. 2 ("real time" transcript). Thus, the question is whether such a stipulation is effective to defeat this court's subject matter jurisdiction on removal.

■ In *McCorkindale,* in addition to the general principles articulated above, this court considered the proper standards for determining the amount in controversy when a state court rule—such as Rule 70(a) of the Iowa Rules of Civil Procedure—prohibits the pleading of a specific amount in controversy: Instead of the "legal certainty" test, which might otherwise obtain,[2] the defendant is required to prove

---

1. A similar prohibition appears in IOWA CODE § 619.18.

2. The "legal certainty" rule states that, when an amount in excess of the jurisdictional

amount was originally pleaded, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the

by the preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *McCorkindale,* 909 F.Supp. at 651–53. This court also outlined the process for determining the amount in controversy in such cases: First, the court must determine whether the complaint is removable on its face; and second, if the complaint is not removable on its face, the court must provide the parties with the opportunity to satisfy the court as to the amount in controversy. *Id.* at 653–55. However, this court did not have reason to consider directly in *McCorkindale* whether the plaintiff could defeat removal jurisdiction by stipulating after removal that his or her damages do not exceed the jurisdictional minimum, when the plaintiff was forbidden from pleading any specific amount of damages in his or her state-court petition. Therefore, the *McCorkindale* decision may provide the framework for analysis of this application for remand, but it does not necessarily dictate the appropriate conclusion.

 Turning to the first part of the applicable analysis, the court finds that the face of the complaint in question here provides little, if any, insight into the amount in controversy. *Accord McCorkindale,* 909 F.Supp. at 655 (because Iowa law forbade pleading any amount in controversy, except an amount in excess of the jurisdictional amounts in state court, "the allegations of actual damages on the face of the complaint provide the court with no basis for determining the amount of actual damages in question"). This problem is not lessened by a prayer for punitive damages, because when sufficient amount in controversy depends upon such a prayer, the court " 'will scrutinize a claim for punitive damages more closely than a claim for actual damages to ensure Congress's limits on diversity jurisdiction are properly observed.' " *Id.* at 655 (quoting *State of Mo. ex rel. Pemiscot County v. Western Sur. Co.,* 51 F.3d 170, 173 (8th Cir.1995)).

Therefore, the court finds that the complaint is not removable on its face, and the court must take recourse to the second prong of the analysis, providing the parties with the opportunity to satisfy the court as to the amount in controversy. *Id.* In this case, this prong of the analysis brings the court to the proffered stipulation.

Generally, such a post-removal stipulation limiting the amount in controversy—like a post-removal amendment—would not defeat removal jurisdiction. *See, e.g., St. Paul Mercury Indemnity Co.,* 303 U.S. at 293, 58 S.Ct. 586. *See also Barbers,* 132 F.3d at 1205 (although *St. Paul Mercury* remarked that a plaintiff in state court may prevent removal by committing to accept less than the federal jurisdictional amount, "by the time a case arrives in federal court it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount"). However, this general rule has consistently been applied to cases in which *the petition at the time of the removal expressly stated a claim in excess of the jurisdictional amount,* and therefore, removal jurisdiction had already *attached. See McCorkindale,* 909 F.Supp. at 650–51; *see also Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 429 (7th Cir. 1997) (noting that the court had previously rejected post-removal affidavits or stipulations as "ineffective to *oust* federal jurisdiction"; emphasis added). Here, the court concludes that whether or not removal jurisdiction has attached is the very question before the court. *Compare id.* at 652.

More helpful than cases involving attempts to defeat removal jurisdiction once that jurisdiction has already attached is a recent decision of the Third Circuit Court of Appeals in *Meritcare, Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214 (3d Cir. 1999). In that case, the plaintiffs pleaded only damages "exceeding $25,000," and the defendant's notice of removal stated that it

---

court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

had been advised that the plaintiffs' claim was for $250,000, but the notice did not indicate the amount in controversy as to each of the three named plaintiffs. *Meritcare,* 166 F.3d at 216 & 222. The court concluded that the bulk of damages on the bad-faith claim against the insurer was comprised of the claim for punitive damages, professing the same concern our own circuit court of appeals has expressed that such a claim must be scrutinized with care to determine whether the jurisdictional amount had been met. *Id.* at 222–23; *accord Western Sur. Co.,* 51 F.3d at 173. The court in *Meritcare* noted next that it might consider a stipulation—even one coming some five months after removal—as to the amount in controversy *at the time of removal* as " 'clarifying rather than amending an original pleading.' " *Id.* at 223 (quoting *Angus v. Shiley, Inc.,* 989 F.2d 142, 145 n. 3 (3d Cir.1993)). It then concluded that remand to state court of one plaintiff's claims was appropriate, because that plaintiff had conceded that, even including possible punitive and other damages, its total claim would not surpass the jurisdictional minimum, and the defendant did not argue otherwise. *Id.*

Similarly, the Fifth Circuit Court of Appeals concluded that, generally, a post-removal affidavit could be considered when the jurisdictional amount was ambiguous on the face of a state petition, explaining that the affidavit helped clarify the jurisdictional facts " '*as of the time of the removal.*' " *See St. Paul Reinsur. Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1254 n. 18 (5th Cir.1998) (quoting *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied,* 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994), with emphasis added by the quoting court). However, the court concluded that in Texas, " 'litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints.' " *Id.* (quoting *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.), *cert. denied,* 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995)).

The Seventh Circuit Court of Appeals has also considered the scope of the exception to the rule that post-removal affidavits or stipulations concerning amount in controversy are ineffective. *See Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 429 (7th Cir.1997) (citing *Asociacion Nacional de Pescadores,* 988 F.2d at 564, as stating the exception). The Seventh Circuit Court of Appeals found that consideration of a post-removal affidavit or stipulation was permissible where state law did not allow the plaintiff to plead damages specifically in the complaint. *Chase,* 110 F.3d at 429. However, even though the court found that Illinois law prohibited pleading damages specifically, the court found that it should *not* consider the post-removal affidavit, because it was not "faced with the same void" of any assertion by the plaintiff of the value of the claim that had permitted the filing of a post-removal affidavit in other cases. *Id.* at 429–30 (contrasting the circumstances presented in *Asociacion Nacional de Pescadores,* 988 F.2d at 564). In the case before it, the plaintiff's conduct and representations—including a settlement offer she made for over twice the jurisdictional amount, her refusal of a request by the defendant to admit that she would not seek more than the jurisdictional amount, and her "laundry list" of serious and disabling injuries—demonstrated the value of her case, and further demonstrated that the amount in controversy exceeded the jurisdictional minimum. *Id.* at 430. The court found that denying remand in these circumstances did not deprive the plaintiff of her right to choose her forum, because she could have "take[n] control of her choice of forum," even in light of Illinois's pleading rules, by filing a binding stipulation as to the value of her claim with her complaint. *Id.* The court then recited the general rule that once the case was properly removed, " '*St. Paul* makes later filings irrelevant,' " apparently out of concern that the plaintiff might manipulate the forum. *Id.* (quoting *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (*per curiam* ), and also citing

*Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 367 (7th Cir.1993)).[3]

■ Here, the proffered stipulation indicates that the value of the claim *at the time of removal* did not exceed the jurisdictional minimum, in a situation where pleading rules make the amount in controversy on the face of the complaint ambiguous at best. *See Meritcare,* 166 F.3d at 223; *Greenberg,* 134 F.3d at 1254 n. 18; *Chase,* 110 F.3d at 429. In these circumstances, the stipulation serves to clarify rather than amend the pleadings. *Meritcare,* 166 F.3d at 223; *Greenberg,* 134 F.3d 1250, 1254 n. 18; *Dyrda v. Wal–Mart Stores, Inc.,* —— F.Supp. ——, 1999 WL 98994, *6 (D.Minn. Jan.15, 1999) (the plaintiff's stipulation as to the amount in controversy at the time of removal was "controlling" on the amount in controversy); *Midkiff v. Hershey Chocolate U.S.A.,* 1 F.Supp.2d 593, 594 (E.D.La.1997) (where the value of a claim was not apparent on the face of the complaint, the plaintiff's stipulation as to the amount in controversy and covenant to waive any recovery in excess of the jurisdictional amount was "persuasive" and barred removal). Consideration of such a "clarifying" stipulation is in accord with the fundamental principle of removal jurisdiction that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed, as well as the further principles that the court's removal jurisdiction must be strictly construed, and that the court is required to resolve all doubts about federal jurisdiction in favor of remand. *McCorkindale,* 909 F.Supp. at 650. As such, it is not only permissible for the court to consider the stipulation, but for the court to find on the basis of the stipulation that removal never attached, because this court never had subject matter jurisdiction owing to lack of sufficient amount in controversy.

■ The court finds no suggestion in Iowa law that the only way to defeat removal jurisdiction, in the absence of the ability to plead a specific amount in controversy, is to file a separate stipulation with the complaint as to the value of the claim. *Compare Greenberg,* 134 F.3d at 1254 n. 18 (concluding that in Texas, " 'litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints,' " quoting *De Aguilar,* 47 F.3d at 1412); *cf. Chase,* 110 F.3d at 430 (finding that the plaintiff could have "take[n] control of her choice of forum," even in light of Illinois's pleading rules, by filing a binding stipulation as to the value of her claim with her complaint). Unlike the circumstances present in *Chase,* there is a "void" of any assertion by the plaintiff of the value of his claim, and there is no conduct, no representation by the plaintiff demonstrating the value of his case—certainly no "laundry list" of serious and disabling injuries—from which the court can otherwise determine that the amount in controversy exceeds the jurisdictional minimum, such that removal jurisdiction would already have attached, making the post-removal stipulation "irrelevant." *Compare Chase,* 110 F.3d at 430.

Therefore, the court holds, on the basis of Halsne's stipulation, that it does not have subject matter jurisdiction, owing to an insufficient amount in controversy.[4]

---

**3.** As to the propriety of considering a post-removal affidavit or stipulation concerning the amount in controversy, the Sixth Circuit Court of Appeals also appears to consider the critical question to be whether the district court determines from this evidence that subject matter jurisdiction was lacking at the time of removal, or instead concludes that jurisdiction existed at the time of removal, but was divested by the post-removal event. *See Van Meter v. State Farm Fire & Cas. Co.,* 1 F.3d 445, 450 (6th Cir.1993) (concluding that the basis for the decision determined its reviewability on appeal, suggesting that not only would the latter circumstance be reviewable, but that consideration of the post-removal affidavit would be erroneous).

**4.** Because this court does not have subject matter jurisdiction, it would be improper for the court to pass on the binding effect of the stipulation as to amount in controversy in the litigation in state court. However, Rule 11 of the Federal Rules of Civil Procedure stands as a caution to casual or manipulative entry into

Consequently, this matter was improvidently removed, *see* 28 U.S.C. § 1447(c), and shall be and hereby is remanded to the Iowa District Court for Cerro Gordo County.

IT IS SO ORDERED.

such a stipulation. *See Adkins v. Gibson,* 906 F.Supp. 345, 348 (S.D.W.Va.1995).