228 F.Supp.2d 1038 (2002)
Paul QUINN and Florence Walker, Plaintiffs,
v.
Jeffrey KIMBLE, Defendant.
No. 4:02CV1162 DDN.
United States District Court, E.D. Missouri, Eastern Division.
September 24, 2002.
*1039 William K. Holland, Craig M. Ortwerth, Fox and Goldblatt, St. Louis, MO, for Plaintiff.
Denis C. Burns, Godfrey and Vandover, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This matter is before the court on the renewed motion of plaintiffs to remand this case to state court. (Doc. 17.) A hearing was held on the original motion to remand on September 10, 2002; the court denied the original motion.
Several exhibits are attached to plaintiffs' renewed motion, including three not already in the record: an affidavit averring that plaintiff Paul Quinn's damages including lost wages total $7,632.54, that plaintiff Florence Walker's damages total $1,615, that plaintiffs never made settlement demands approaching $75,000, and that defendant offered to settle the claims for $4,000 each; and medical and lost-wage information generated in April and May 2002, which plaintiffs submitted to their insurance company and which support the affidavit's figures. (Id. Exs. 2-4.)
Plaintiffs present the following arguments in support of their motion: (1) defendant, at the time of removal, clearly did not have sufficient evidence that each plaintiff's claim exceeded $75,000; (2) defendant does not present evidence that their claims would surpass the jurisdictional minimum; (3) the matter could settle for less than the jurisdictional amount; (4) defendant did not oppose their original motion in writing or at oral argument but simply pointed to his notice of removal; and (5) plaintiffs offered to limit their damages to less than the jurisdictional amount. They urge the court to follow the process outlined in McCorkindale v. Am. Home Assur. Co./A.I.C., 909 F.Supp. 646, 655 (N.D.Iowa 1995), for determining the amount in controversy: "first, the court must determine whether the complaint is removable on its face; second, if the complaint is not removable on its face, the court must provide the parties with the opportunity to satisfy the court as to the amount in controversy." Because Missouri law prevented plaintiffs from pleading a specific amount in controversy, see Mo. R. Civ. P. 55.19 ("no dollar amount or figure shall be included in the demand"), they maintain that the action was not removable on its face. (Id.)
Defendant responds that the removal petition is to be decided not as of the time the remand motion is made, but when the pleadings were filed. The original pleadings, he states, contained no limit on plaintiffs' recovery, and plaintiffs failed to limit their recovery by placing an ad damnum clause in their pleadings. Defendant attaches excerpts of pleadings (from an unrelated case) using an ad damnum clause; he states that plaintiffs' failure to use such a clause indicates they anticipated a judgment exceeding $75,000. He suggests that they waited for him to file the removal petition before agreeing to limit their recovery, in order to return the case to the "historically favorable `City venue.'" Defendant emphasizes that plaintiffs had alleged permanent injuries, as well as future medical expenses. (Doc. 18 & Ex. A.)
In support, defendant provides medical records from chiropractic examinations of Quinn and Walker in March and April 2002, respectively. He highlights portions of the records, which relate that Quinn was still complaining of neck and back stiffness and that a mild muscle spasm was apparent. The highlighted portions also relate that Walker described experiencing headaches and back and neck pain, and that a moderate muscle spasm and trigger points were found in several body regions. Defendant anticipates that plaintiffs will complain of residual symptoms to the jury and *1040 that their medical experts will testify that plaintiffs will need future care for their permanent injuries, that they are more susceptible to similar injuries in the future, and that plaintiffs will request substantial verdicts. Further, he notes several cases in which St. Louis City juries have awarded verdicts in amounts as high as 45 times the medical bills, or greater than $75,000 for "soft-tissue injuries." Finally, defendant requests, should the court not deny the remand motion, that the ruling on the motion be stayed until discovery proceeds. (Id. & Exs. B-C.)
As the party seeking removal and opposing remand, defendant has the burden of establishing federal subject matter jurisdiction. In re Business Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir.1993). Although "nothing in the diversity statute [(28 U.S.C. § 1332)] refers to a time of determination" of the amount in controversy, Porsche Cars N. Am., Inc. v. Porsche. net, Nos. 01-2028, 01-2073, 2002 WL 1941442 (4th Cir. Aug. 23, 2002), the Eighth Circuit directs that "the situation at the time of removal ... is determinative," Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir.1969). The Eighth Circuit has not addressed whether post-removal stipulations may be considered in determining whether a case should be remanded, and other circuits are split on the issue. Compare Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871-72 (6th Cir.2000) (post-removal stipulations do not create exception to rule articulated in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)[1]; because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction), and In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir.1992) (per curiam) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant."), with Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir.2000) (post-removal affidavits may be considered in determining the amount in controversy at time of removal, only if basis for jurisdiction is ambiguous at time of removal). Courts that consider post-removal stipulations tend to view such stipulations as clarifying rather than amending the pleadings. See, e.g., Halsne v. Liberty Mut. Group, 40 F.Supp.2d 1087, 1092 (N.D.Iowa 1999) (listing cases).
Assuming arguendo that it is not "facially apparent" from plaintiffs' pleadings that their claimed damages exceeded $75,000 each, but cf. Gebbia, 233 F.3d at 883 (affirming denial of plaintiff's motion to remand as it was "facially apparent" that her claimed damages exceeded $75,000, i.e., her state court petition alleged that she sustained injuries to her wrist, knee, patella, and back, she alleged damages for medical expenses, pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement), and considering plaintiffs' post-removal stipulations for clarification purposes only, remand is still unwarranted.
"The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are: In other words, an amount that a plaintiff claims is not `in controversy' if no fact finder could legally award it." Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir.2002). As defendant points out, a jury could award *1041 the requisite jurisdictional amount, given that plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries; that their ability to work, labor, and enjoy life has been and will be impaired; and that Quinn lost wages.[2]See Fowler v. Park Corp., 673 S.W.2d 749, 758 (Mo. banc 1984) ("The day is past when [Missouri's higher courts] engage in close scrutiny of the amounts awarded by juries for personal injuries."); Brazell v. St. Louis Southwestern Ry. Co., 632 S.W.2d 277, 287-89 (Mo.App.1982) (award of $265,000 to plaintiff, who suffered severe neck and back strain, headaches and loss of sleep, whose pain had continued for over 2.5 years, and whose lost wages amounted to $25,148.33, was not excessive).
Moreover, to the extent that Kopp has not implicitly overruled the Halsne approach (i.e., considering a post-removal stipulation for clarification purposes in order to determine if removal ever attached, see 40 F.Supp.2d at 1092), the instant case is different from Halsne. In Halsne, the court found "no conduct, no representation by the plaintiff demonstrating the value of his case-certainly no `laundry list' of serious and disabling injuries-from which the court c[ould] otherwise determine that the amount in controversy exceed[ed] the jurisdictional minimum, such that removal jurisdiction would already have attached, making the post-removal stipulation `irrelevant.'" Id. Here, however, plaintiffs Quinn and Walker each claimed numerous serious and disabling injuries, and the chiropractic evaluation confirmed multiple injuries. For example, Walker's evaluation notes a moderate muscle spasm and muscular trigger points in the right upper cervical, left lower cervical, bilateral upper lumbar, and bilateral lower lumbar regions; a decrease in the cervical and lumber ranges of motion; and abnormal spinal positioning. (Doc. 18 Ex. C.) Upon this record, the court concludes as legal matter that a fact finder might conclude that the damages of each plaintiff exceeds the jurisdictional amount.
Accordingly,
IT IS HEREBY ORDERED that the renewed motion of plaintiffs to remand this case to the state court is denied. (Doc. 17.)
NOTES
[1] 303 U.S. at 292, 58 S.Ct. 586 (district court is not deprived of jurisdiction where plaintiff, after removal, "by stipulation," by affidavit, or by amendment of pleadings, reduces claim below amount required for federal jurisdiction).
[2] Defendant contends that a $75,000 verdict would equal 8.11 times the "specials" in this case. He apparently calculated the 8.11 ratio by aggregating both plaintiffs' medical expenses (and Quinn's lost wages). Such a formula, however, is incorrect. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1280 (11th Cir.2001) ("Generally, if no single plaintiff can satisfy the jurisdictional amount, then there is no diversity jurisdiction."). In any event, dividing $75,000 by $7,632.54 (Quinn's medical expenses and lost wages before removal) yields 9.83, a ratio which is smaller than ones upheld by Missouri courts.