# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3965

_____

Dana R. Kopp,                               *
                                            *
        Appellant,                    *
                                            *
    v.                                  *   Appeal from the United States
                                            *   District Court for the Western
                                            *   District of Missouri.
Donald A. Kopp,                             *
                                            *
        Appellee.                     *

_____

Submitted:  December 11, 2001

Filed:  February 19, 2002

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Dana Kopp appeals from the order of the district court dismissing her tort claim for lack of subject-matter jurisdiction.  We reverse.

## I.

Ms. Kopp was attacked, restrained, and sexually assaulted in her own home by her ex-husband, Donald Kopp.  When Mr. Kopp was charged with forcible sodomy and felonious restraint, he pleaded guilty to the latter charge and was sentenced to four years in prison.  Ms. Kopp then sued Mr. Kopp in federal court, claiming

violations of the Violence Against Women Act of 1994, *see* 42 U.S.C. § 13981, and of state tort law as well. After the district court dismissed the federal claim because of the decision in *United States v. Morrison*, 529 U.S. 598 (2000), it also dismissed the state law claims because it concluded that they did not satisfy the requirements for diversity jurisdiction.

## II.

When the two parties to an action are citizens of different states, as they are here, a federal district courts's jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Although Ms. Kopp's medical bills fall well below the requisite amount, she argues that in the circumstances of this case she could well recover punitive damages and damages for emotional distress that would exceed $75,000.

We have held that "a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.' " *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188-89 (1936); s*ee also Federated Mut. Implement and Hardware Ins. Co. v. Steinheider*, 268 F.2d 734, 737-38 (8th Cir. 1959).

When the "legal certainty" standard announced in *Larkin* is combined with the burden of proof established in *McNutt*, it appears that the relevant legal rule is that the proponent of diversity jurisdiction must prove a negative by a preponderance of the evidence in order to avoid dismissal of his or her case. A leading treatise, for

example, suggests that the proponent of federal jurisdiction must show "that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount."  14B Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3702 (3d ed. 1998).

We have no quarrel with this formulation of the applicable law, but we think that  the same principle can be stated just as readily in the affirmative:  The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.  We emphasize that *McNutt* does not suggest that unliquidated damages in some specific amount must be proved before trial by a preponderance of evidence.

It is true that the maximum amount of damages can often be determined with complete accuracy before trial, as in cases involving liquidated damages or statutory limits on damages, or where damages are unavailable altogether.  But the case law makes provision for that, because these are among the kinds of cases where it can be determined to a "legal certainty," *see St. Paul Mercury*, 303 U.S. at 289, whether the maximum award would fall below the jurisdictional limit. *See, e.g., Euge v. Trantina*, 422 F.2d 1070 (8th Cir. 1970).

Confusion may arise because the relevant jurisdictional fact, that is, the issue that must be proved by the preponderance of evidence, is easily misidentified.  The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are:  In other words, an amount that a plaintiff claims is not "in controversy" if no fact finder could legally award it.  In one of our more extensive discussions of this issue, we upheld jurisdiction, even though the jury ultimately awarded less than the statutory minimum, because jurisdiction "is measured by the amount properly pleaded or as of the time of the suit, not by the end result." *Zunamon v. Brown*, 418 F.2d 883, 887 (8th Cir.

1969). That holding implicitly suggests that jurisdiction was proper because, based on information known to the court at the time jurisdiction was challenged, the jury reasonably could have awarded more than the statutory minimum, even if the jury ultimately did not do so. " 'If access to federal district courts is to be further limited it should be done by statute and not by court decisions that permit a district court judge to prejudge the monetary value of an unliquidated claim.' " *Id.* (quoting *Deutsch v. Hewes Street Realty Corp.*, 359 F.2d 96, 100 (2d Cir. 1966)).

As we see it, the federal court has jurisdiction here unless, as a matter of law, Ms. Kopp could not recover punitive damages or damages for emotional distress, the amount of damages that she could recover is somehow fixed below the jurisdictional amount, or no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents.

Under Missouri law, which is applicable here, punitive damages "may be awarded for conduct that is outrageous, because of the defendant's evil motive or ... reckless indifference to the rights of others." *Burnett v. Griffith*, 769 S.W.2d 780, 787 (Mo. 1989) (quoting Restatement (Second) of Torts, § 908(2) (1979)). We have no trouble reconciling the facts of this case with those criteria, as the defendant admitted in his pre-trial deposition that he attacked, restrained, and raped his ex-wife, who ultimately had to flee naked to a neighbor's house for safety. Furthermore, we have discovered no statutory or judicially created limits on punitive damages or damages for emotional distress in Missouri, nor has the defendant directed our attention to any. Finally, we conclude that an award of damages of more than $75,000 would not have to be set aside as excessive under Missouri law, nor would such an award be so "grossly excessive" as to violate the due process clause of the United States Constitution. *See BMW of North America, Inc. v. Gore*, 517 U.S. 559, 562 (1996).

Based on the present record, therefore, it seems clear to us that Ms. Kopp has demonstrated that her case falls within the diversity jurisdiction of the federal courts.

## III.

For the foregoing reasons, the order of the district court is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.