228 F.Supp.2d 1036 (2002)
Paul QUINN and Florence Walker, Plaintiffs,
v.
Jeffrey KIMBLE, Defendant.
No. 4:02CV1162DDN.
United States District Court, E.D. Missouri, Eastern Division.
September 10, 2002.
William K. Holland, Craig M. Ortwerth, Fox and Goldblatt, St. Louis, MO, for Plaintiff.
Denis C. Burns, Godfrey and Vandover, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This matter is before the court on the motion of plaintiffs to remand this case to state court. (Doc. 8.) A hearing was held on the motion on September 10, 2002.
Missouri residents Paul Quinn and Florence Walker commenced this action in the Circuit Court of the City of St. Louis against Illinois resident Jeffrey Kimble regarding a motor vehicle collision. Their complaint alleges in two counts (one pertaining to each plaintiff) that Kimble was operating his vehicle in a negligent manner, e.g., driving too fast and not keeping a proper lookout, when he struck Quinn's vehicle, injuring Quinn and Walker, Quinn's passenger. Further, the complaint alleges that each plaintiff (1) suffered *1037 injuries to the various bones, joints, muscles, nerves, and systems of their bodies, specifically head, neck, and back, (2) incurred medical expenses in an amount not yet determined and will in the future incur medical expenses, (3) has permanent, progressive, and disabling injuries; and that their ability to work, labor, and enjoy life has been and will in the future be impaired. Quinn additionally alleged that he lost wages in an amount not yet determined. In the complaint, each plaintiff seeks actual damages "in excess of ... $25,000.00." (Doc. 1 Ex. A.)
Defendant filed a timely notice of removal, see 28 U.S.C. § 1441(b), asserting that this court had diversity jurisdiction under 28 U.S.C. § 1332(a). Section 1332(a) provides that when the parties to a civil action are citizens of different states, as they are here, a federal district court has jurisdiction over the action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Defendant alleges that "the matter in controversy exceeds, exclusive of interest and costs, $75,000.00 premised upon [plaintiffs'] claim for bodily injury, the costs of medical treatment for injuries the Plaintiffs allege were sustained ... and alleged income lost from employment." (Doc. 1.)
In the motion to remand, filed on August 14, 2002, plaintiffs assert that the total amount of damages they have sustained or will sustain as a result of the collision does not exceed $75,000, exclusive of interest and costs, and that they will not seek punitive damages. They maintain that, because the amount in controversy does not exceed $75,000, the court lacks subject matter jurisdiction and needs to remand the case to the state court. (Doc. 8.) They attach as exhibits two stipulations (one bearing a caption from this court and one with a caption from the Circuit Court of the City of St. Louis) in which they state that the damages they have sustained or will sustain do not exceed $75,000, exclusive of interest and costs, and that they will not seek punitive damages from defendant. (Id. Exs.)
In Kopp v. Kopp, 280 F.3d 883 (8th Cir.2002), the plaintiff initiated a state tort action in federal court based on diversity jurisdiction, against her ex-husband who had been convicted of raping her, for damages arising out of the attack. The defendant sought dismissal of the action, arguing that the amount-in-controversy requirement was not satisfied. The plaintiff argued that, although her medical bills fell below the requisite amount, she could well recover punitive damages and damages for emotional distress that, with the actual damages, would exceed $75,000. The Eighth Circuit held that it had subject matter jurisdiction, because "a fact finder could legally conclude" from the pleadings and proof adduced before trial that the plaintiff suffered damages greater than $75,000. Further, the Eighth Circuit explained that the jurisdictional fact in the case was "not whether the damages [we]re greater than the requisite amount, but whether a fact finder might legally conclude that they [we]re." See id. at 884-85.
Given the allegations in the complaint that plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries; that their ability to work, labor, and enjoy life has been and will be impaired; and that Quinn lost wages, the court finds and concludes that it does not appear to a legal certainty that the controversy between the parties is for less than the jurisdictional amount. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (district court is not deprived of jurisdiction where plaintiff, after removal, *1038 "by stipulation," by affidavit, or by amendment of pleadings, reduces claim below amount required for federal jurisdiction); Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871-72 (6th Cir.2000) (post-removal stipulations do not create exception to rule articulated in St. Paul; because jurisdiction is determined as of time of removal, events occurring after removal that reduce amount in controversy do not oust jurisdiction); In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir.1992) (per curiam) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant."). But see Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) (post-removal affidavits may be considered in determining amount in controversy at time of removal only if basis for jurisdiction is ambiguous at time of removal). Even if the court were to consider petitioners' post-removal stipulations, the result reached would be the same, because it is "facially apparent" from the petition that the claimed damages exceeded $75,000. See Gebbia, 233 F.3d at 883. (affirming denial of plaintiff's motion to remand as it was "facially apparent" that her claimed damages exceeded $75,000, i.e., her state court petition alleged that she sustained injuries to her wrist, knee, patella, and back, she alleged damages for medical expenses, pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement).
Accordingly,
IT IS HEREBY ORDERED that the motion of plaintiffs to remand this case to the state court in which it was filed is denied. (Doc. 10.)