Tony Wenyu WANG, Plaintiff,

v.

PACIFIC CYCLE, INC., and Toys "R" US–Delaware, Inc., Defendants.

No. 4:07–cv–00545.

United States District Court, S.D. Iowa, Central Division.

Jan. 14, 2008.

Kimberly K. Hardeman, Gregory M. Lederer, Lederer Weston Craig PLC, Cedar Rapids, IA, for Defendants.

Mark S. Pennington, Kutmus & Pennington, Des Moines, IA, for Plaintiff.

ORDER ON MOTION FOR REMAND

ROBERT W. PRATT, Chief District Judge.

Before the Court is Plaintiff, Tony Wenyu Wang's ("Wang") Motion for Remand to State Court, filed December 12, 2007. Clerk's No. 3. Wang filed a Petition in the Iowa District Court for Polk County on or about November 6, 2007. In the Petition,

Wang alleges that Defendants, Pacific Cycle, Inc. ("Pacific Cycle") and Toys "R" Us–Delaware, Inc. ("Toys 'R' Us") (collectively "Defendants"), were negligent in their failure to inspect a bicycle and in their failure to properly install a quick release skewer to prevent the front wheel of the bicycle from coming off the "fork." Pacific Cycle filed a Notice of Removal on December 3, 2007, to which Toys "R" Us consented, claiming that jurisdiction is proper in the Southern District of Iowa pursuant to diversity of citizenship jurisdiction, 28 U.S.C. § 1332(a). *See* Clerk's No. 1. Specifically, Pacific Cycle claims that federal jurisdiction is proper because the parties are diverse citizens and the amount in controversy exceeds $75,000, exclusive of interest and costs. On December 12, 2007, Wang filed a motion to remand the action to state court, arguing that Pacific Cycle failed to establish the requisite minimum amount in controversy. Clerk's No. 3. Pacific Cycle filed a resistance on December 20, 2007. Clerk's No. 4. Wang filed a reply on December 28, 2007. Clerk's No. 5. A hearing on this matter was held on January 3, 2008. Clerk's No. 7. The matter is fully submitted.

## I. THE PETITION AND REMOVAL NOTICE

Wang alleges that on or about February 26, 2000, he and his family purchased a bicycle from Toys "R" Us, located at 8801 University Avenue, Clive, Iowa. Pet. Div. II, ¶ 7. The bicycle Wang purchased was manufactured and assembled by Pacific Cycle. *Id.* Div. I, ¶ 5. On or about October 9, 2000, when Wang was eleven-years-old,[1] he was riding the bicycle in a normal manner when the front wheel of the bicycle came off, causing him serious injury. *See*

*id.* ¶ 6. Wang contends that Pacific Cycle was negligent in failing to inspect the bicycle before it was distributed to retailers for sale to the public, and in failing to properly install a quick release skewer to prevent the front wheel from coming off the "fork." *Id.* ¶ 8. As for Toys "R" Us, Wang alleges that Toys "R" Us was negligent in failing to inspect the Pacific Cycle bicycle prior to delivery to Wang, and in failing to properly install a quick release skewer to prevent the front wheel from coming off the "fork." *Id.* Div. II, ¶ 9. Wang claims that Pacific Cycle's and Toys "R" Us' negligence proximately caused him injuries. As a result, Wang has incurred past and future: (1) medical expenses, (2) loss of use of the body, (3) physical pain and suffering, (4) mental pain and suffering, and (5) permanent damage.

Pacific Cycle's Removal Notice claims that federal diversity jurisdiction supports removal of this matter because the parties are completely diverse, and because, based on the contents of the Petition, Pacific Cycle believes in good faith that the amount in controversy exceeds $75,000, exclusive of interest and costs. Specifically, Wang is a citizen of the State of Iowa, Pacific Cycle is a citizen of the State of Delaware (place of incorporation) and the State of Wisconsin (principal place of business), and Toys "R" Us is a citizen of the State of Delaware (place of incorporation), with its principal place of business in a State other than the State of Iowa. Wang does not dispute that diversity of citizenship exists. Wang, however, claims that Pacific Cycle has failed to establish that the amount in controversy exceeds the jurisdictional amount. Indeed, Wang states that he is "willing to clarify his damages by stating that the total damages are less than $75,000, the jurisdictional amount for

---

**1.** Wang was born on March 8, 1989. He reached the age of majority on March 8, 2007, and brings this lawsuit as an adult. Pet. Div. I, ¶ 2.

federal court." Pl.'s Br. at 3. Thus, the sole matter before the Court is whether Wang's claimed damages exceeded the $75,000 jurisdictional requirement at the time of removal.

## II. LAW AND ANALYSIS

■ As a general matter, a civil case brought in state court may be removed by a defendant to federal court if it could have been brought there originally. *See* 28 U.S.C. § 1441(a); *Motion Control Corp. v. SICK, Inc.,* 354 F.3d 702, 705 (8th Cir. 2003). Federal courts are courts of limited jurisdiction and "the requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Godfrey v. Pulitzer Publ'g Co.,* 161 F.3d 1137, 1141 (8th Cir.1998) (internal citation and quotations omitted). "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir.2002).[2] Whether a case has been properly removed is "determined based on the plaintiff's pleadings at the time of removal." *Adams v. Bank of Am., N.A.,* 317 F.Supp.2d 935, 940 (S.D.Iowa 2004). A defendant who seeks to remove a case to federal court bears the burden of proving that the requirements for diversity jurisdiction have been met. *See, e.g., McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Yeldell v. Tutt,* 913 F.2d 533, 537 (8th Cir.1990).

■ When a case is filed in state court, and subsequently removed, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end," because, "if such were the purpose suit would not have been instituted in the first instance in the state but in the federal court." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 290–91, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Thus, where a plaintiff specifically claims less than the federal requirement in a state court action, removal should generally be precluded. *See id.* at 294, 58 S.Ct. 586 ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); *see also Terra Int'l, Inc. v. Miss. Chem. Corp.,* 119 F.3d 688, 695 (8th Cir. 1997) (stating that, "[i]n general, federal courts give considerable deference to a plaintiff's choice of forum"). The standards are made less clear in a case such as this one, where state court rules prohibit plaintiffs from asserting a specific amount in controversy.[3] *See McCorkindale v. Am.*

---

**2.** In *Kopp,* the Eighth Circuit resolved that this was the applicable standard by combining the "legal certainty" standard announced in *Larkin v. Brown,* 41 F.3d 387 (8th Cir.1994) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)) with the "preponderance of the evidence" standard established in *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). *See Kopp,* 280 F.3d at 884–85; *Mowatt v. Home*

*Depot, U.S.A., Inc.,* No. C05–2082, 2006 WL 463918, at *1 n. 1 (N.D.Iowa Feb.27, 2006) (stating the same).

**3.** Iowa Rule of Civil Procedure 1.403(1) provides: "[E]xcept in small claims and cases involving only liquidated damages, a pleading shall not state the specific amount of money damages sought but shall state whether the amount of damages meets applicable jurisdictional requirements for the amount in controversy."

*Home Assurance Co./A.I.C.*, 909 F.Supp. 646, 655 (N.D.Iowa 1995) (explaining that in Iowa "the allegations of the actual damages on the face of the complaint provide the court with no basis for determining the amount of actual damages in question").

■ The procedure in determining whether an action is removable is to, first, "determine whether the complaint is removable on its face." *Wiemers v. Good Samaritan Soc'y*, 212 F.Supp.2d 1042, 1045 (N.D.Iowa 2002) (citing *McCorkindale* 909 F.Supp. at 653–55). Second, if the complaint is not removable on its face, then the court must "provide the parties with the opportunity to satisfy the court as to the amount in controversy." *Id.* (citing *McCorkindale* 909 F.Supp. at 653–55). Where, as here, the amount in controversy is sufficiently unclear as to permit disagreement over whether the complaint is removable on its face, the court must turn to the second prong of the analysis. *See id.* To prove the amount in controversy, the proponent of federal jurisdiction is required to show by a preponderance of the evidence that "a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp*, 280 F.3d at 885.

Here, Pacific Cycle offers two settlement demand letters from Wang to support its contention that the amount in controversy exceeded the jurisdictional minimum at the time of removal. In the first demand letter, dated May 1, 2007, Wang made a demand of $95,000, reiterat-

ing[4] that he incurred $6,430.27 in past medical expenses, with future medical expenses estimated to be $13,280. *See* Def.'s Br. in Resistance, Ex. A. The letter notes that "[t]his has been a long and painful process [for Wang and he must] still undergo significant oral surgery in which there is also no guarantee of success." *Id.* At some point, it appears that Pacific Cycle made a counter-offer of $5,000. *See id.*, Ex. B. On August 30, 2007, Wang made a counter-settlement demand of $90,000. *Id.* Thereafter, on November 6, 2007, Wang filed the instant lawsuit in state court. These pre-litigation demand letters, Pacific Cycle argues, demonstrate by a preponderance of the evidence that the jurisdictional amount was satisfied at the time the case was removed to federal court. The Court disagrees.

■ As a general matter, settlement demands are "relevant evidence of the amount in controversy if it appears to reflect a *reasonable estimate* of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.2002) (emphasis added), *cited with approval in, LaPree v. Prudential Fin.*, 385 F.Supp.2d 839, 849 (S.D.Iowa 2005). In the present case, there is no independent support that the $95,000 and $90,000 settlement demands reflect a reasonable estimate of the damages suffered by Wang. The only recoverable dollar amount Wang provided prior to initiating the lawsuit was for future medical expenses, estimated to be approximately $13,280.[5] Indeed, counsel for Wang stated

---

4. It appears that Wang's counsel sent a letter dated March 23, 2007, which indicated Wang's past medical expenses and provided an estimate of Wang's future medical expenses. *See* Def.'s Resistance Br., Ex. A.

5. Wang's counsel noted that the $6,430.27 in past medical expenses were incurred when

Wang was a minor. Accordingly, the statute of limitations for the recovery of past medical expenses by his parents has passed. *See* Hr'g Tr. at 6. *See also Gookin v. Norris*, 261 N.W.2d 692, 693 (Iowa 1978) ("Unless the child is emancipated, and thus responsible for his own support, the parent, rather than the child, is entitled to recover, in an action for

at the hearing that the initial demands were starting points for negotiation, that if he believed that the claim was actually worth $90,000 to $95,000, his initial demand would have been higher. *See* Hr'g Tr. at 5–6.[6] *Cf. Cohn*, 281 F.3d at 840 (explaining that the settlement demand of $100,000 was sufficient to satisfy the jurisdictional minimum because plaintiff did not argue that "the demand was inflated and not an honest assessment of damages"). As acknowledged by Wang's counsel, the settlement demands appear to be "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff [was] seeking." *Standridge v. Wal–Mart Stores, Inc.*, 945 F.Supp. 252, 256 (N.D.Ga.1996); *see Kresge v. Jackson*, No. 04–c–4073, 2004 WL 2657935, at *2 (N.D.Ill. Oct.15, 2004) (explaining that defendant's reliance on plaintiff's pre-litigation settlement demand to remove the case to federal court was "misplaced" because it was "entirely plausible that such a settlement demand might have been made at a much higher value than the actual amount in controversy as part of a bargaining strategy").

In response, Pacific Cycle claims that at the time of removal, it did not have any indication that Wang's settlement demands were inflated. *See* Hr'g Tr. at 12. That is, Pacific Cycle argues that it took Wang's demand at face value and believed that the amount in controversy exceeded $75,000 at the time of removal. However, despite Pacific Cycle's contention that it had a good faith belief that the $95,000 and $90,000 demands reflected the potential range of the actual amount in controversy, Pacific Cycle's actions tell a different sto-

ry. Specifically, to Wang's initial demand of $95,000, Pacific Cycle countered with $5,000. If, indeed, Pacific Cycle believed in good faith that the damages suffered by Wang were in the range of $90,000 to $95,000, it speaks volumes about Pacific Cycle's own posturing that the counteroffer was only one nineteenth of the initial demand.

▪ Regardless of whether Pacific Cycle had a good faith basis to believe that the amount in controversy exceeded $75,000 at the time of removal, Pacific Cycle must now demonstrate by a preponderance of the evidence that a fact finder could legally conclude that the damages Wang suffered are greater than $75,000. *See Kopp*, 280 F.3d at 885. Pacific Cycle relies heavily on *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424 (7th Cir.1997) in support. In *Chase*, the Seventh Circuit affirmed the district court's denial of plaintiff's motion to remand. 110 F.3d at 426. *Chase*, however, is distinguishable from the case before the Court. In *Chase*, the plaintiff made a settlement demand of more than twice the jurisdictional minimum, refused to admit that she would not seek more than the jurisdictional amount, and alleged a laundry list of serious and disabling injuries. *Id.* at 430. Here, in contrast, Wang's pre-litigation settlement demands were $20,000 and $15,000 over the jurisdictional minimum, which, as noted above, were not reasonable estimates of the value of the claim, Wang was and is willing to cap damages at $75,000, and although not to minimize Wang's allegations of past and future damages, Wang does not allege a "laundry list of serious and disabling injuries." Thus, based on the record before the Court, the

---

injury to the child, for medical and other expenses necessarily incurred in healing or attempting to heal the injury.") (quoting 59 Am.Jur.2d *Parent & Child* § 120 at 220).

6. References to the Hearing Transcript refers to the Court's unedited RealTime transcript.

pre-litigation demands, without more, do not establish by a preponderance of the evidence that a fact finder could legally conclude that the damages Wang suffered are greater than $75,000. *See Kopp*, 280 F.3d at 885.

As an aside, the Court notes that in his motion, Wang's counsel attempted to "clarify [Wang's] damages by stating that the total damages are less than $75,000," Pl.'s Br. at 3, and "agreed to clarify by attesting that Mr. Wang would not seek more than $75,000 in damages." Pl.'s Reply Br. at 4. Wang and his counsel unequivocally stated during the hearing that Wang would stipulate to cap all damages to an amount not to exceed $75,000. *See* Hr'g Tr. at 7, 13. While there remains much disagreement on the effect of such a stipulation, it appears possible that in a situation such as this one, where state law prohibits clear pleading of amounts in controversy, it may be used as persuasive, though not necessarily conclusive, evidence of the amount in controversy at the time of removal. As one court explained:

> Generally, such a post-removal stipulation limiting the amount in controversy—like a post-removal amendment—would not defeat removal jurisdiction. However, this general rule has consistently been applied to cases in which *the petition at the time of the removal expressly stated a claim in excess of the jurisdictional amount*, and therefore, removal jurisdiction had already *attached.* Here, the court concludes that whether or not removal jurisdiction has attached is the very question before the court.
>
> . . .
>
> Here, the proffered stipulation indicates that the value of the claim *at the time of removal* did not exceed the jurisdictional minimum, in a situation where pleading rules make the amount in con-

troversy on the face of the complaint ambiguous at best. In these circumstances, the stipulation serves to clarify rather than amend the pleadings. Consideration of such a "clarifying" stipulation is in accord with the fundamental principle of removal jurisdiction that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed, as well as the further principles that the court's removal jurisdiction must be strictly construed, and that the court is required to resolve all doubts about federal jurisdiction in favor of remand. As such, it is not only permissible for the court to consider the stipulation, but for the court to find on the basis of the stipulation that removal never attached, because this court never had subject matter jurisdiction owing to lack of sufficient amount in controversy.

*Halsne v. Liberty Mut. Group*, 40 F.Supp.2d 1087, 1090–92 (N.D.Iowa 1999) (internal citations and parentheticals omitted).

Notably, the Court believes that Wang's stipulation in this case is truthful and made in good faith. The Court also finds that it provides persuasive evidence of the damages at the time of removal. Remand, however, is necessary even without the stipulation, because Pacific Cycle has not shown by a preponderance of the evidence that a fact finder could legally conclude that the damages Wang suffered are greater than $75,000. Accordingly, based on the record, the Court cannot say that it is more likely than not that Wang's damages could reasonably meet or exceed the required amount in controversy to support diversity jurisdiction in this case. Therefore, because all doubts regarding federal diversity jurisdiction must be resolved in favor of remand, Wang's Motion for Re-

**1054**

mand to State Court is GRANTED. *See, e.g., In re Bus. Men's Assurance Co. of Am.,* 992 F.2d 181, 183 (8th Cir.1993) (stating that courts must "resolve all doubt about federal jurisdiction in favor of remand").

### III. CONCLUSION

For the reasons stated above, Wang's Motion to Remand to State Court (Clerk's No. 3) is GRANTED. This case is remanded to the Iowa District Court for Polk County.

IT IS SO ORDERED.