**Cynthia BOURGEOIS, Plaintiff**

v.

**Douglas VANDERBILT,
et al., Defendants.**

**No. 06–CV–4061.**

United States District Court,
W.D. Arkansas,
Texarkana Division.

June 10, 2008.

David A. Szwak, Bodenheimer Jones Szwak LLC, Shreveport, LA, for Plaintiff.

Richard N. Watts, Karen Hughes, Watts, Donovan & Tilley, P.A., Little Rock, AR, Eric Glen Hughes, Wright, Berry, Hughes & Moore, P.A., Arkadelphia, AR, Gary M. Draper, Griffin, Rainwater & Draper, Crossett, AR, Lervette J. Blair, Breazeale, Sachse & Wilson, LLP, Baton Rouge, LA, Keith M. McPherson, Laser, Wilson, Bufford & Watts, P.A., Little Rock, AR, Winfred Lee Tucker, Boswell, Tucker & Brewster, Bryant, AR, for Defendants.

## *ORDER*

HARRY F. BARNES, District Judge.

Before the Court is a Motion for Joinder filed by Janice Carter, Individually as next friend of Christopher Carter, Jason Carter, and Asher Smith, and Linda Omuemu, Individually and as next friend of Raven Omuemu. (Doc. 77). Carter and Omuemu move for leave to join in this action as joinder plaintiffs pursuant to Federal Rule of Civil Procedure 20(a). Alternatively, Carter and Omuemu request permission of the Court to intervene under the provisions of Federal Rule of Civil Procedure 24. Plaintiff has filed a response and supplemental response in opposition to the Motion for Joinder. (Docs. 78 and 92). The Court finds the matter ripe for consideration.

## BACKGROUND

This suit arises from a motor vehicle accident. Plaintiff Cynthia Bourgeois, a resident of Baton Rouge, Louisiana, was employed as a bus driver for Dixieland Tours and Cruises, Inc. ("Dixieland"), also of Baton Rouge, Louisiana. On July 30, 2005, as Bourgeois was driving Dixieland's bus south on U.S. Highway 71 in Miller County, Arkansas, she was struck by a northbound truck driven by Separate Defendant Douglas Vanderbilt of Texarkana, Texas. Cynthia Bourgeois was injured in the collision and has alleged damages exceeding $75,000. There were forty passengers on the bus when the accident occurred. Carter and Omuemu, along with their minor children, were passengers on the bus. They now seek to join this action as either Joinder Plaintiffs or Intervenor Plaintiffs, asserting a right to relief arising out of the same transaction or occurrence and a presence of questions of law or fact common to all plaintiffs in this action.

## DISCUSSION

■ The first question presented is whether Carter and Omuemu's request to join in this action under Rule 20(a) is proper. Rule 20(a) allows plaintiffs to join in an action if (1) they assert a right to relief with respect to or arising out of the same transaction or occurrence and (2) any question of law or fact common to all plaintiffs will arise in the action. Fed.R.Civ.P. 20(a). However, only a person or entity that is already a party may make a motion for joinder. *See Arrow v. Gambler's Supply Inc.*, 55 F.3d 407, 409 (8th Cir.1995); *Thompson v. Boggs*, 33 F.3d 847, 858 n. 10 (7th Cir.1994) (noting the lack of any precedent granting a non-party's motion for joinder). Presently, Carter and Omuemu are not parties to this suit; thus, the Court will treat their motion as a request to intervene pursuant to Federal Rule of Civil Procedure 24.

■ The next issue before the Court is whether Carter and Omuemu seek an intervention of right or a permissive intervention under Rule 24. Rule 24(a)(2) provides that a person is entitled to intervene as a matter of right when he or she

claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a)(2). On the other hand, Rule 24(b)(1)(B) allows the Court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact."

Carter and Omuemu, in their motion, do not assert that they are entitled to an intervention of right. Carter and Omuemu simply state that they seek to intervene "under the provisions of Rule 24." Moreover, careful analysis of the claims of Carter and Omuemu reveal, in the Court's view, that their intervention is permissive rather than as a matter of right. The right to intervene under Rule 24(a)(2) exists when the party seeking to intervene has established three elements: (1) an interest in the subject matter of the pending litigation; (2) a substantial risk that the litigation will impair the interest; and (3) existing parties do not adequately protect that interest. Fed.R.Civ.P. 24(a); *see Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir.1997). It seems obvious to the Court that the first and third elements are satisfied. However, Carter and Omuemu have not provided the Court with enough information to show that there is a substantial risk that this litigation will impair their interests. All that they offer to the Court regarding the second element is the following conclusive statement: "[C]arter ... and ... Omuemu ... are so situated that disposition of this action without this joinder will impair or destroy their ability to protect their interest." They do not explain to the Court how and/or why this litigation will impair their interests. Accordingly, Carter and Omuemu have not shown that they are entitled to intervention as a matter of right.

■ Moving now to permissive intervention, Rule 24(b)(1)(B) allows the Court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Clearly, Carter and Omuemu have claims that share

common questions of law and fact with the present action. They were passengers on the bus that Plaintiff Bourgeois was driving at the time of the collision. However, if the intervention is a permissive one under Rule 24(b), the claim must be supported by independent jurisdictional grounds. *The Babcock & Wilcox Co. v. Parsons Corporation,* 430 F.2d 531, 540 (8th Cir., 1970); 32A AM.JUR.2D *Federal Courts* § 754. Here, because they seek permissive intervention, the claims of Carter and Omuemu must be supported by independent jurisdictional grounds. Carter and Omuemu assert in their proposed intervenor complaint (Doc. 77–2) that the parties to the proceedings are citizens of different states and that the matter in controversy exceeds $75,000. Thus, Carter and Omuemu allege the necessary requirements for diversity jurisdiction under 28 U.S.C. section 1332. However, Plaintiff Bourgeois challenges the allegations of Carter and Omuemu as to the amount in controversy.

■ A complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if appears to a legal certainty that the claim is really less than the jurisdictional amount. *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir.2002). If the amount in controversy is challenged, then the plaintiff must establish jurisdiction by a preponderance of the evidence. *See id.* In other words, the Court has subject matter jurisdiction in a diversity case when a factfinder could legally conclude, from the pleadings and proof provided to the Court before trial, that the damages the plaintiff suffered are greater than $75,000. *See id.* Here, Carter and Omuemu have made no effort to show that they, along with the minor children, have each suffered damages in excess of $75,000. In fact, Plaintiff Bourgeois has put forth evidence in the form of depositions that each claim is worth far less than $75,000. Thus, Carter and Omuemu cannot establish that their claims are supported by independent jurisdictional grounds.

## CONCLUSION

In summary, the Court concludes that Carter and Omuemu are permissive intervenors and that their claims, lacking the requisite jurisdictional amount, are not cognizable by this Court. Accordingly, the Court finds that Carter and Omuemu's Motion for Joinder should be and hereby is **DENIED.**

**IT IS SO ORDERED.**