# United States Court of Appeals

### For the Eighth Circuit

—————————————————

No. 11-3167

—————————————————

Frederick Skoda

*Plaintiff - Appellant*

v.

Lilly USA LLC, also known as Eli Lilly & Company

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

——————————

Submitted:  April 24, 2012
Filed:  August 08, 2012 (Corrected: 08/08/2012)
[Unpublished]

——————————

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

——————————

PER CURIAM.

Frederick Skoda appeals following the district court's dismissal of his civil action against his former employer, Lilly USA LLC (Lilly).  Because we conclude that the district court erred in its determination of the amount in controversy, we vacate the judgment and remand this case to the district court.

Skoda originally filed his complaint in Minnesota state court, alleging that after he and Lilly ended their employment relationship, Lilly failed to pay him commissions that were due. *See* Minn. Stat. §§ 181.03, subdiv. 2 (certain unlawful acts relating to payment of wages), 181.13(a) (penalty for failure to pay wages promptly), 181.171, subdiv. 3 (court shall order employer to pay attorney's fees and costs if employer is found to have violated, inter alia, §§ 181.03, 181.13). Skoda claimed Lilly owed him $8,190, based on three unpaid commissions—respectively, $4,500, $950, and $2,740—along with $43,740 in statutory penalties, for a total of $51,930. He also claimed reasonable attorney's fees.

Lilly removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332, alleging that it was a resident of Indiana and Skoda was a resident of Minnesota and that, considering the statutory attorney's fees Skoda had demanded, the amount in controversy exceeded $75,000. Lilly also moved to dismiss the complaint based on res judicata.

Skoda moved to remand, arguing that the amount in controversy did not exceed $75,000. At a March 2011 hearing before a magistrate judge, Skoda's counsel verified that, thus far, his legal fees had totaled only $500. The magistrate judge noted that the Federal Rules of Civil Procedure required preparation for pretrial conferences, discovery, and preparation for and attendance at trial. The magistrate judge further observed that, based on Skoda's calculation of the statutory penalties, and assuming a billing rate of $150 per hour, Skoda would incur $24,000 in attorney's fees after only 160 hours of work by his attorney. The magistrate judge found that Lilly had thus demonstrated that the amount-in-controversy requirement was met, and recommended denying Skoda's motion to remand and dismissing the case based on res judicata. The district court adopted the magistrate judge's report, denied Skoda's motion to remand, and granted Lilly's motion to dismiss. On appeal, Skoda challenges the district court's denial of his motion to remand, as well as its grant of Lilly's motion to dismiss.

We review de novo a district court's denial of a motion to remand, *see In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010), and for clear error its findings of jurisdictional facts, *see Trimble v. Asarco, Inc.*, 232 F.3d 946, 964-65 (8th Cir. 2000), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549-52 (2005). A defendant may remove an action to federal court if the action could have been filed there originally. *See* 28 U.S.C. § 1441(a) (removal of civil actions). Federal district courts have original jurisdiction over all civil actions where the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence, and a case should be remanded to state court upon a plaintiff's motion if it appears that the district court lacks subject matter jurisdiction. *See In re Prempro Prods.*, 591 F.3d at 620. The jurisdictional inquiry focuses on the claims at the time of removal, *see James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 834 (8th Cir. 2005), and the question is not whether damages are greater than the requisite amount, but whether a fact finder might legally conclude they are, *see Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). All doubts about federal jurisdiction are resolved in favor of remand. *See Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

Upon initial review of the record, we ordered the parties to submit supplemental briefing addressing whether, for purposes of determining the jurisdictional amount-in-controversy requirement, Skoda could obtain the $43,740 in statutory penalties he sought in his original complaint. For the reasons discussed below, we now conclude that, under the plain meaning of the statutes, a fact finder could not legally award Skoda $43,740 in statutory penalties. *See Kopp*, 280 F.3d at 884-85 (amount that plaintiff claims is not "in controversy" if no fact finder could legally award it).

Under section 181.13(a), when an employer discharges an employee, "the wages or commissions actually earned and unpaid at the time of the discharge are

immediately due and payable upon demand of the employee." If the employer fails to pay the employee's earned commissions within 24 hours of the employee's demand, the employee may collect a penalty for each additional day the commissions remain unpaid, for up to 15 days. *Id.* The penalty is set at the average of the employee's daily earnings, which Skoda alleged was $395. *Id.* Under section 181.03, after the termination of employment an employer may not alter the method, timing, or procedures for payment of commissions earned through the last day of employment "if the result is to delay or reduce the amount of payment." Minn. Stat. § 181.03, subdiv. 2. An employer who "violates this section is liable in a civil action brought by the employee for twice the amount in dispute." Minn. Stat. § 181.03, subdiv. 3.

Skoda calculated his damages by first calculating a section 181.13(a) penalty of $5,925 ($395 x 15 days). He then added this penalty to each of the three commissions he was owed, for a total of $25,965, and then doubled this amount, pursuant to section 181.03, subdiv. 3, for a total award of $51,930.

We conclude, however, that Skoda overstates the amount that he could recover. Taking section 181.13(a) first, the better reading of the statute is that Skoda may recover the statutory penalty only once, not three times. The penalty is awarded for each day that the employer is "in default, until full payment or other settlement . . . is made." The employer is "in default" if "the employee's earned wages and commissions are not paid within 24 hours after demand." When explaining what amount is due and payable, and in defining when an employer is in default, the statute refers to the employer's failure to pay "commissions," in the plural. It does not contemplate a separate due and payable amount with respect to each separate "commission," in the singular, or a separate default as to each "commission" standing alone. Because the employer is "in default" only with respect to the total amount owed, Skoda may recover only one statutory penalty based on the employer's failure to pay "the wages or commissions actually earned and unpaid at the time of the

-4-

discharge." In this case, therefore, the maximum penalty that Skoda may recover under his allegations is $5,925.00.

Skoda's attempt to invoke section 181.03 as a basis to recover double the penalty assessed under section 181.13(a) fails, because Skoda does not allege a violation of section 181.03. His complaint alleges only that the employer violated section 181.13 by failing to pay commissions that were earned and unpaid at the time of Skoda's discharge. Therefore, he states no claim for damages under § 181.03, subd. 3, because that section provides only that an employer is liable for "twice the amount in dispute" when the employer "violates *this section*." It is unnecessary to address whether a complainant who alleges a violation of both section 181.03 and section 181.13 may recover twice the penalty assessed under section 181.13. *Cf. Bryant v. Rochester Home Mort. Co.*, No. 27CV06-17689, 2007 WL 5021510 (Minn. Dist. Ct. Oct. 16, 2007).

In sum, we conclude that for purposes of the amount-in-controversy requirement, Skoda's maximum award, aside from attorney's fees, is $14,115. This amount consists of the allegedly earned and unpaid commissions of $8,190, plus a penalty of $5,925 under section 181.13(a). This amount is considerably lower than the $51,930 on which the district court relied. Accordingly, we vacate the judgment and remand the case for the district court to consider whether Skoda can satisfy the $75,000 amount-in-controversy requirement by adding reasonable attorney's fees that may be recovered under section 181.171, subdiv. 3.

BYE, Circuit Judge, concurring in part and dissenting in part.

I agree with the majority this case should be remanded to the district court for further consideration on the issue of whether Skoda can satisfy the amount in controversy requirement. However, because I am not convinced that Skoda's interpretation of sections 181.03 and 181.13 of the Minnesota Statutes was foreclosed

to a legal certainty at the time Lilly removed the case to federal court, see Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir. 2011) (stating diversity jurisdiction is determined at the time the action is commenced or at the time of removal), particularly in light of Bryant v. Rochester Home Mortgage Co., No. 27-CV-06-17689, 2007 WL 5022558, at *1 (Minn. D. Ct. Oct. 16, 2007) (unpublished) (doubling both the damage amount awarded by the jury and the statutory penalty pursuant to sections 181.03 and 181.13 of the Minnesota Statutes), I would prefer to address the issue of reasonable attorney's fees.

Assuming for the sake of argument we can consider an award of future attorney's fees in order to determine the amount in controversy, I question whether the district court's estimate of over $23,000 in such fees is tenable. In reaching its conclusion, the district court relied on Delsing v. Starbucks Coffee Corp., No. 08-CV-1154, 2010 WL 1507642 (D. Minn. Apr. 14, 2010). However, Delsing "involve[d] novel and difficult questions of state law," and the court reasoned that if the plaintiff prevailed, assessing her damages would "likely . . . require an expert witness to do complex calculations." 2010 WL 1507642, at *3. In comparison, Skoda's counsel indicated at the time of the motion hearing that his legal fees had totaled the sum of $500 thus far, and in all his years of law practice, he had charged only $12,500 once for a murder case. Further, counsel stated he believed the instant case was a simple one. Moreover, Skoda has represented himself pro se in this appeal.

Because of these facts, I would prefer to avoid interpreting state statutes not yet formally addressed by a Minnesota court, and instead remand the case to the district court for it to re-consider the question of reasonable attorney's fees.

_____